IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Darrion Clay, | ) | Case No. 8:24-cv-07140-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Schneider Electric, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint. ECF No. 13. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without further leave to amend. ECF No. 16. Plaintiff filed objections to the Report. ECF No. 18.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection. *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

that "in the absence of a timely filed objection, a district court need not conduct a *de novo*

review, but instead must only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII")

and the Electronics Communications Privacy Act of 1986 ("ECPA"). Because Plaintiff

filed objections, the Court's review has been de novo.

### *Title VII*

The first three pages of Plaintiff's objections appear to be objections to the law

applied by the Magistrate Judge. The Court has reviewed Plaintiff's citations and finds

that the Magistrate Judge correctly stated the relevant law. Accordingly, these objections

are overruled. The Court finds that the Magistrate Judge provided a thorough recitation

of the relevant facts and applicable law, which the Court incorporates by reference.

Plaintiff raises a claim for harassment and hostile work environment. To plausibly

allege a claim for hostile work environment under Title VII, a plaintiff must allege that (1)

he "experienced unwelcome harassment"; (2) the harassment was based on his protected

class; (3) "the harassment was sufficiently severe or pervasive to alter the conditions of

employment and create an abusive atmosphere"; and (4) "there is some basis for

imposing liability on the employer." *Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir.

2022) (internal quotation marks and citation omitted).  To satisfy the third element, the harassment must be so severe or pervasive to render the workplace hostile from both a subjective and objective standpoint. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993).  In the amended complaint, Plaintiff alleges that the hostile work environment was created by "manipulation of the work load" and "[t]he harassment topics included the plaintiff's daily activities that contains topics of religion which is in a protected class."  ECF No. 13 at 6.  With respect to religion, Plaintiff states in his objections that he "read religious texts during his lunch break.  On a single occasion, towards the end of shift, his co-workers gathered in a circle and began behaving as if they were in a congregational setting."  ECF No. 18 at 5.  With respect to other harassment, Plaintiff alleges, inter alia, that coworkers often color matched his clothes, appeared to reference books he was reading or topics he was researching, and referenced subjects discussed with managers.  ECF No. 18.  The Court agrees with the Magistrate Judge that these allegations fail to rise to the level of severe or pervasive.  Accordingly, this claim is dismissed.

Plaintiff also brings a constructive discharge claim.  To allege a prima facie claim for constructive discharge, a plaintiff must allege that (1) his "working conditions became so intolerable that a reasonable person in the employee's position would have felt compelled to resign" and (2) he actually resigned because of those conditions. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 211–12 (4th Cir. 2019) (internal citation and quotation marks omitted).  The Magistrate Judge found that Plaintiff has sufficiently pled the second element; however, he failed to allege sufficient facts to plausibly allege the first element.  Upon review, the Court agrees.  Specifically with respect to his workload, Plaintiff states

3

that it was inconsistent and that the manager would insist on meeting quota when that was not possible. ECF Nos. 13, 18. Plaintiff does not allege the frequency of these demands or any other supporting facts. He does not allege that he was the only employee subject to the quota requirement or that he was negatively impacted if he failed to meet quota. He does allege that he was offered, and accepted, another position. These allegations are insufficient to state a plausible claim for relief. With respect to the other conditions, the Court has addressed those above. Accordingly, this claim is dismissed.

Plaintiff further alleges a claim for retaliation. Under Title VII, an employer is forbidden from taking action that discriminates against an employee because that employee has either "opposed any practice made an unlawful employment practice by this subchapter" or has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To state a plausible retaliation claim under Title VII, "[a] complaint [must] contain[] sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (citations and internal quotation marks omitted) (some alterations in original).

As noted by the Magistrate Judge, Plaintiff alleges he engaged in protected activity by filing a complaint about the alleged surveillance. ECF No. 13. However, both the amended complaint and the objections amount to "'complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or

4

providing facts sufficient to create that inference." *Cosby v. S.C. Probation, Parole &*
*Pardon Servs.*, 93 F.4th 707, 719 (4th Cir. 2024) (quoting *Skiba v. Ill. Cent. R.R. Co.*, 884
F.3d 708, 718 (7th Cir. 2018)).   Plaintiff's allegations regarding retaliation based on
religion are, at best, scant and fail to make a sufficient connection between the protected
class and either the initially complained of conduct or the alleged retaliatory conduct.
Accordingly, this claim is dismissed.

### *ECPA Claims*

Plaintiff also brings claims pursuant to ECPA.  As an in initial matter, the Court
modifies the Magistrate Judge's recitation of the relevant law.  The Magistrate Judge
stated that a plaintiff attempting to state a claim pursuant to ECPA must allege "the
defendant's intent, the nature of the defendant's intended conduct, what the defendant
sought to intercept, the nature of the targeted communications, and the tools used to
intercept the protected content."  ECF No. 16 at 3 (citing 18 U.S.C. § 2511(1)(a)).  The
Court has not been able to satisfactorily confirm these elements and, therefore, turns to
the Western District of North Carolina's analysis of this act.  United States District Judge
Kenneth D. Bell explained that,

> Under the federal Wiretap Act as amended by the ECPA in
> 1986, "any person whose wire, oral, or electronic
> communication is intercepted, disclosed, or intentionally used
> . . . may in a civil action recover from the person or entity . . .
> which engaged in that violation" unless section 2511(2)(a)(ii)
> excludes the conduct. 18 U.S.C. §§ 2511(1)(a), 2520(a).
> Electronic communication means "any transfer of signs,
> signals, writing, images, sounds, data . . . ." 18 U.S.C.A. §
> 2510(12).  However, "[i]t shall not be unlawful under this
> chapter for a person not acting under color of law to intercept

5

> a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d). Therefore, for an ECPA claim to survive a motion to dismiss based on the one-party consent rule, Plaintiffs must make sufficient factual allegations that "support an inference that [Defendant] intercepted the communication for the purpose of a tortious or criminal act that is independent from the intentional act of recording." *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010).

*Roberts v. Charlotte Mecklenburg Hosp. Auth.*, No. 3:24-CV-00382-KDB-SCR, 2025 WL 880538, at *3 (W.D.N.C. Mar. 20, 2025).  *See also Rodriguez v. FastMed Urgent Care, P.C.*, 741 F. Supp. 3d 352, 363 (E.D.N.C. 2024) ("In order to state a claim, Rodriguez must plausibly allege that FastMed '(1) intentionally (2) intercepted (3) the contents of (4) plaintiffs' electronic communications (5) using a device.'" (quoting *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 794 (N.D. Cal. 2022)).

Here, Plaintiff has not alleged sufficient facts to state a plausible claim for relief.  In the amended complaint, Plaintiff specifically states that he is bringing this action pursuant to 18 U.S.C. § 2511 and contends that he was surveilled so that unidentified employees could use Plaintiff's "conversations . . . against him in a social setting" in order to create a hostile work environment.  ECF No. 13 at 6.  As discussed above, Plaintiff has failed to

state a plausible hostile work environment claim.  As there is no other allegation that any surveillance was used for a tortious or criminal act, Plaintiff's ECPA claims fail.[1]

## CONCLUSION

Based on the foregoing and upon review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge as modified. This action is **DISMISSED** with prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 4, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Plaintiff's allegations that, prior to the start of some conversations with unidentified employees, the other employee would dial an extension would be subject to the one-party consent provision of ECPA.  Plaintiff's other claims, including that coworkers color matched his clothes or discussed big dogs after he read a book about big dogs, are vague and conclusory.